# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JORGE JASSO,<br>　　　　Defendant. | Case No. 18-cr-00466-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEVER** |

The two remaining Defendants in this case, Vincent Gerald Garcia and Jorge Jassso, are alleged to be members of a criminal racketeering enterprise consisting of Nuestra Familia and Salinas Norteño gang members, who participated in various violent crimes in Monterey County Jail. *See* Racketeering Indictment, ECF 1. Jasso is separately charged with failure to appear after pre-trial release. *See United States v. Herrera*, Case No. 19-cr-00035-BLF, Bail Jumping Indictment, ECF 4. Jasso now seeks severance of his trial from Garcia as well as severance of the racketeering case from the bail jumping case. Mot., ECF 535. For the reasons discussed on the record at the hearing on July 22, 2021, and set forth below, Jasso's Motion to Sever is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The racketeering indictment was filed on September 27, 2018. Racketeering Indictment. It charges fifteen individuals as members of a criminal enterprise, consisting of members and associates of the Nuestra Familia prison gang, and Norteño street gangs in Salinas, California and the surrounding areas (the "Enterprise"). *Id.* ¶ 40. Among other activities, members and associates

of the Enterprise are alleged to have committed crimes such as attempted murder, narcotics trafficking, and other acts of violence. *Id*. ¶ 41. According to the indictment, Norteño gang members pledge their allegiance and loyalty to Nuestra Familia and are instructed on its rules, rituals, and obligations. *Id*. ¶ 3. Nuestra Familia enforces its rules and promotes discipline among its members and associates by assaulting and threatening those individuals who violate the rules or pose a threat to the organization. *Id*. ¶ 4. Inside prison and local jails, all Norteños work together to maintain the structure and follow the rules of Nuestra Familia. *Id*. ¶ 10.

The charges in the indictment include:

- Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy (under Racketeer Influenced and Corrupt Organizations Act, ("RICO"))
- Count 2: 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Attempted Murder in Aid of Racketeering
- Count 3: 18 U.S.C. § 1959(a)(6) – Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering
- Counts 4, 6, 8: 18 U.S.C. § 1959(a)(5) – Attempted Murder of Victims 5, 6, 7 (respectively) in Aid of Racketeering
- Counts 5, 7, 9: 18 U.S.C. § 1959(a)(3) – Assault of Victims 5, 6, 7 (respectively)

Jasso is charged in counts one through three. Garcia is charged in counts one, two, three, four, five, eight, and nine.

The bail jumping indictment was filed on January 17, 2019. Bail Jumping Indictment. It charges Jasso with knowingly and willfully failing to appear for a bond hearing in front of Judge Virginia K. DeMarchi in the racketeering case. *Id*. ¶ 2.

**II.    DISCUSSION**

**A. Severance from Co-Defendant**

Jasso is moving to sever his trial from his co-defendant and argues that (1) his case was mis-

joined and, alternatively, (2) Rule 14 requires severance. Mot. at 5-8. The government opposes on the grounds that Jasso cannot overcome the presumption in favor of joinder and that a joint trial would not unduely prejudice Jasso. Opp. at 8-12.

The parties agree that Federal Rule of Criminal Procedure 8(b) governs joinder of criminal defendants. Mot. at 15-6; Opp. at 5. Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately.

Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together" because joinders "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[A] joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005). Co-defendants jointly charged are, "prima facie, to be jointly tried" and the ordering of separate trials requires "unusual circumstances." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

Jasso argues that he was mis-joined because counts 4, 5, and 9 of the Racketeering Indictment are not charged against him (but are charged against Garcia). Mot. at 5. According to Jasso, "there is minimal overlap of proof apparent between the conspiracy charges brought against Jasso and the substantive charges in counts 4, 5 and 9 brought against Garcia. Jasso had already been transferred from Monterey County Jail before any of the alleged acts underlying counts 4, 5, and 9 were committed, even assuming such acts were committed. Jasso could not have participated in the acts, he was gone." *Id*. at 6. Jasso mischaracterizes the charges. While Jasso is not charged

3

with all the acts in the Racketeering Indictment, Defendants are both charged in counts 1, 2, and 3 with a conspiracy that involves a pattern of activity: violent "removal" of individuals who failed to follow gang rules. Racketeering Indictment ¶ 40. The "removal" of each victim is alleged to have taken place on separate dates, and sometimes by different players – but the overall alleged scheme applies to all Defendants and the evidence of that conspiracy is expected to apply to all Defendants. Jasso cannot overcome the strong preference for joint trials in conspiracy cases – he was properly joined under Rule 8(b). *See* ECF 284 at 11-12 (denying motion to sever under Rule 8 by former co-defendant Michael Abraham Cazares).

Jasso next argues his trial should nonetheless be severed from Garcia's because a joint trial would be prejudicial to Jasso. Mot. at 6-8. In particular, Jasso contends that he is not alleged to have been a member of Nuestra Familia and would be prejudiced at the joint trial due to extensive testimony about Nuestra Familia. Mot. at 7.

The Court is not persuaded that a joint trial would be prejudicial to Jasso. "The prime consideration in assessing the prejudicial effect of a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). Moreover, any prejudicial effect of evidence relating to the guilt of codefendants is "generally held to be neutralized by careful instruction by the trial judge." *Id*. Here, only two defendants remain in the case and both are alleged to be members of the same criminal enterprise. The Court is confident that the jury can compartmentalize and evaluate the evidence as it relates to each defendant. *See Fernandez*, 388 F.3d at 1242 (affirming the district court's denial of severance even where "the multiplicity of counts facing the eleven co-defendants— alleging different conspiracies with different goals, as well as several predicate RICO or stand-alone VICAR offenses involving different sub-groups of the co-defendants—the jury's ability to evaluate the evidence against each defendant independently was certainly put to the test."); *see also United States*

4

*v. Bonanno*, 467 F.2d 14, 17 (9th Cir. 1972) ("In conspiracy prosecutions, the government has considerable leeway in offering evidence of other offenses."). Jasso's reliance on *DeLeon* is misplaced. *See* Mot. at 7-8. In *DeLeon*, the Court concluded that a joint trial of all nineteen remaining Defendants would be impractical and the case's "multi-count Second Superseding Indictment," made it "difficult, if not impossible," for the court to "adequately charge a jury as to the applicable law with respect to each defendant and for the jury to apply the law intelligently in reaching verdicts on the many charges involved." *United States v. DeLeon*, No. CR 15-4268 JB, 2017 WL 3054511, at *95 (D.N.M. June 30, 2017). This Court does not have similar concerns in this case. *See* ECF 284 at 12-13 (denying motion to sever under Rule 14 by former co-defendant Michael Abraham Cazares).

\*\*\*

The Court DENIES Jasso's Motion to Sever his trial from the trial of his co-defendant.

**B. Severance from Bail Jumping Case**

Jasso argues that the racketeering case should be severed from the bail jumping case. Mot. at 8-9. According to Jasso, "the evidence presented in the RICO case overwhelmingly would prejudice defendant Jasso in the bail jumping case and there is no cross-admissibility of evidence." *Id*. In particular, Jasso highlights that the government may seek to use Jasso's violation of pre-trial release conditions "shows a consciousness of guilt in the RICO case." *Id*. at 9. The government responds that Jasso has failed to make a showing of prejudice and that "his bail jumping conduct is relevant evidence of consciousness of guilt with respect to the underlying RICO case, and thus the government would be seeking to admit evidence of the bail jumping conduct at the RICO trial even if the bail jumping case were separated for trial." Mot. at 12. Nonetheless, the government "defers to the Court on whether it would prefer to have the bail jumping trial combined with the RICO trial, or to have the bail jumping trial trail the RICO trial." *Id*.

The Court finds that the lopsided nature of the two sets of charges counsels in favor of

severance. The racketeering charges are complex and involve an overwhelming amount of evidence while the bail jumping charge is straightforward and implicates far less evidence. The volume of evidence in the racketeering case may prejudicially influence the jury with respect to the bail jumping charges. To avoid prejudice to Jasso, and in light of the Government's lack of opposition, the Court GRANTS Jasso's Motion to Sever the racketeering trial from the bail jumping trial. This ruling has no impact on whether evidence of Jasso's bail jumping will be admissible in the racketeering trial. The Court invites further argument on this issue in the forthcoming motions *in limine*.

### III.     ORDER

For the foregoing reasons, Jasso's Motion to Sever is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: July 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge