**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

USA,

Plaintiff,

v.

JASSO,

Defendant.

Case No. 18-cr-00466-BLF-15

**ORDER SCREENING § 2255 MOTION; AND DISMISSING § 2255 MOTION IN PART WITH LEAVE TO AMEND**

[Re: ECF No. 1005]

Defendant Jorge Jasso, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate and set aside the judgment. ECF No. 1005 ("Mot."). For the reasons set forth below, the Court DISMISSES IN PART the § 2255 motion WITH LEAVE TO AMEND.

## I. BACKGROUND

The Indictment in this matter was filed on September 27, 2018. ECF No. 1 ("Indictment"). It charges fifteen individuals as members of a criminal enterprise, consisting of members and associates of the Nuestra Familia prison gang, and Norteño street gangs in Salinas, California and the surrounding areas (the "Enterprise"). *Id.* ¶ 40. Among other activities, members and associates of the Enterprise are alleged to have committed crimes such as attempted murder, narcotics trafficking, and other acts of violence. *Id.* ¶ 41. Inside prison and local jails, all Norteños work together to maintain the structure and follow the rules of Nuestra Familia. *Id.* ¶ 10.

Mr. Jasso is alleged to have been an active member of the Enterprise and a Norteño street gang member since at least 2000. *Id.* ¶ 56. He was housed in Monterey County Jail, from at least May 19, 2012, through September 23, 2013. *Id.* Mr. Jasso allegedly agreed with Enterprise members to commit murder of inmates who committed serious violations of the Nuestra Familia rules. *See id.* Counts 1-3.

United States District Court
Northern District of California

United States District Court
Northern District of California

On June 7, 2022, a jury convicted Mr. Jasso of one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), one count of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), and one count of conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6). ECF No. 865. After the Court denied Mr. Jasso's motion for a new trial, ECF No. 921, he was sentenced to a term of 156 months of imprisonment followed by 5 years of supervised release, ECF No. 936. The Ninth Circuit affirmed Mr. Jasso's convictions. *See* ECF No. 982.

## II. LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence based on a claim that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "The judge who receives the motion must promptly examine it." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.* However, if the judge does not summarily dismiss the motion, the judge must order the Government to file an answer or other appropriate response. *See id.*

## III. DISCUSSION

Mr. Jasso filed the instant § 2255 motion on August 7, 2026, asserting clams for (1) ineffective assistance of counsel; (2) a conflict of interest with certain attorneys who represented him; (3) failure of trial counsel to impeach for false testimony; (4) violation of the statute of limitations; (5) failure of defense counsel to communicate with him as to the motions *in limine*; and (6) an accumulation of errors that resulted in a violation of Mr. Jasso's due process rights. *See* Mot. at 13–23 (setting out the asserted grounds for relief). The Court must determine whether Mr. Jasso's claims are so devoid of merit that they should be summarily dismissed or, alternatively, whether the Government should be required to file a response.

"[A] district court may summarily dismiss a § 2255 motion only if the allegations in the

motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011) (quotation marks and citation omitted). Put another way, "[t]o avoid summary dismissal, a petitioner must allege specific facts which, if true, would entitle him to relief and the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *Blick v. United States*, No. C20-1877-JCC, 2021 WL 693644, at *1 (W.D. Wash. Feb. 23, 2021) (quotation marks and citations omitted). "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

In connection with his ineffective assistance of counsel claim, Mr. Jasso challenges the performances of defense attorneys Robert E. Carey, Jr., Kathryn Elizabeth Ross, Adam G. Gasner, and Erick L. Guzman.[1] It is unclear to the Court whether Mr. Jasso seeks to challenge the representation of his appellate counsel, Mark D. Flanagan. Accordingly, the Court will construe the § 2255 motion as asserting that Mr. Flanagan provided ineffective assistance of counsel.

Beginning with the alleged ineffectiveness of Mr. Gasner, Mr. Guzman, and Mr. Flanagan, it is not apparent that Mr. Jasso's claims are so palpably incredible or patently frivolous that dismissal is warranted at this stage. *See Withers*, 658 F.3d at 1063. With respect to those attorneys, the facts alleged by Mr. Jasso, if proved, arguably would satisfy the *Strickland* standard for ineffective assistance of counsel, which requires a showing of deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Jasso asserts, for instance, that Mr. Gasner failed to file a dispositive challenge to the expiration of the statute of limitations, failed to advise on an open plea, and failed to communicate with Mr. Jasso at key points in the case. *See* Mot. at 14. Mr. Jasso further states that Mr. Guzman allegedly failed to fully investigate the matter and subsequently failed to question potentially exculpatory witnesses, and Mr. Flanagan failed to challenge certain issues on appeal. *See, e.g.*, Mot. at 9, 14, 24.

[1] The Court construes Mr. Jasso's claims for conflict of interest, failure to impeach for false testimony, and failure to communicate as to the motions *in limine* as bases for Mr. Jasso's claim of ineffective assistance of counsel.

United States District Court
Northern District of California

With respect to Mr. Carey and Ms. Ross, however, the Court finds that the allegations in the motion are patently frivolous. Mr. Jasso alleges that Mr. Carey agreed to exclude time due to the complexity of the case, had difficulty using certain technology, once could not read his own handwriting, and delayed filing a motion. Mot. at 13. Mr. Jasso also states that Mr. Carey encouraged him to cooperate with the government. *Id.* at 17. Even if this conduct could constitute deficient performance, an issue on which the Court expresses serious doubts, the Court finds that any assertion of resulting prejudice is palpably incredible. Indeed, Mr. Carey was terminated on March 13, 2020, more than two years before trial. ECF No. 307. And Mr. Jasso does not state facts sufficient to show a reasonable probability that the result of the proceeding would have been different absent Mr. Carey's alleged errors, especially given that they took place so early in the case. *See Strickland*, 466 U.S. at 694. Accordingly, Mr. Jasso's claim of ineffective assistance of counsel as to Mr. Carey is subject to dismissal. However, because the Court is not certain that no tenable claim can be stated, the dismissal is with leave to amend.

Turning to Ms. Ross, Mr. Jasso alleges that she was ineffective because she recused herself, their trial preparation therefore "went down the drain," and he is "positive" that he would have been found not guilty had Ms. Ross continued to represent him. Mot. at 13–14. The docket reflects that Ms. Ross filed a motion to withdraw on January 25, 2021, ECF No. 470, and was relieved as counsel on February 2, 2021, ECF No. 486. However, an attorney's assertion that there is good cause to withdraw does not constitute representation that falls below "an objective standard of reasonableness" necessary to give rise to deficient performance. *See Strickland*, 466 U.S. at 688. Nor does Mr. Jasso state facts sufficient to show that Ms. Ross's withdrawal resulted in prejudice. Ms. Ross was relieved more than a year before trial and was replaced with another attorney. That Mr. Jasso is convinced that the outcome would have been different if Ms. Ross had continued to represent him is not a sufficient factual basis to demonstrate the necessary showing of prejudice. Accordingly, Mr. Jasso's claim of ineffective assistance of counsel as to Ms. Ross is subject to dismissal. However, because the Court is not certain that no tenable claim can be stated, the dismissal is with leave to amend.

As to Mr. Jasso's claims for violation of the statute of limitations and accumulation of

United States District Court
Northern District of California

errors, the Court does not find that those claims are so patently frivolous or palpably incredible that they should be summarily dismissed without a response from the Government.

## IV. ORDER

For the foregoing reasons, Mr. Jasso's § 2255 motion is DISMISSED IN PART WITH LEAVE TO AMEND with respect to assertions of ineffective assistance of counsel as to Mr. Carey and Ms. Ross. Mr. Jasso may file an amended § 2255 motion within 30 days of the date of this order, on or before **September 14, 2026**.

If Mr. Jasso chooses to amend his claims, the amended motion shall clearly be labeled "Amended Motion." Failure to timely file an amended motion will result in dismissal of claims regarding Mr. Carey and Ms. Ross. In such an event, the remaining claims will proceed and the United States will be required to respond to the motion.

Dated: August 13, 2026

BETH LABSON FREEMAN
United States District Judge